IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

HERMAN JACKSON, JR.                                                      PLAINTIFF

V.                                                                      NO. 2:07CV214-P-D

OTHA LEE HUNTER                                                   DEFENDANT

MEMORANDUM OPINION

Presently before the court is the Defendant's motion for summary judgment. The Plaintiff has responded, the Defendant has replied and this matter is ripe for review.

*A. Factual Background*

The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In his complaint the Plaintiff asserts a claim of excessive force against Hunter.[1] Specifically, the Plaintiff contends that the Defendant, who is a sheriff's deputy, used excessive force against him on December 7, 2006, in the Coahoma County Circuit Court. The Plaintiff was transported to the courthouse for a hearing. The Plaintiff claims that the judge became "loud and boisterous towards" him. The handcuffed Plaintiff was taken to a jury room, presumably near the courtroom, where he claims the Defendant struck him in the back of the head. The Plaintiff alleges that he fell because of the blow to the head. The Plaintiff asserts that the Defendant continued to hit him until he, the Defendant, was restrained by two other deputies. The Plaintiff indicates that there was a room full of people who witnessed the attack.

Following the conclusion of his business at the courthouse, the Plaintiff was transported back

---

[1] The Plaintiff may have also attempted to state a claim for denial of medical treatment but he has failed to name any party for whom such a claim would be appropriate.

to the prison where he was examined by a nurse.[2] The Defendant offers that the Plaintiff was seen by a doctor who ordered x-rays of his head. The doctor noted "red marks over neck area" but the x-rays were negative for any injury. The Plaintiff was returned to the prison.

The Defendant has moved for summary judgment asserting several arguments. First, the Defendant contends that he did not use excessive force against the Plaintiff. The Defendant submits that summary judgment is also appropriate because § 1983 precludes recover for *de minimis* injuries. Finally, the Defendant argues the Plaintiff has failed to exhaust administrative remedies prior to initiating this civil action.[3] The court agrees with each reason asserted by the Defendant and summary judgment is appropriate.

*B. Standard for Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual

---

[2] The Plaintiff's complaint does not describe any injury nor does he explain the type of medical treatment he received. He simply states that he was denied any medication for his pain and suffering.

[3] The Defendant has also asserted the defense of qualified immunity. Given the analysis below, the court declines to address the issue of immunity.

inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## C. Discussion

**Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before he may file suit under 1983 objecting to prison conditions. 42 U.S.C. § 1997e(a); *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). A prisoner must exhaust the administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The purpose of the exhaustion requirement is to "give the agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled in to federal court" and to allow for economical claim resolution. *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 2385, 165 L. Ed. 2d 368 (2006). The United States Supreme Court held in *Woodford* that "proper exhaustion of administrative remedies is necessary" and that a prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." 548 U.S. at 83-84.

3

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (overruled by implication on other grounds). The exhaustion requirement, however, may be subject to waiver, estoppel or equitable tolling. *Id.* at 866; *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001). The court must afford a prisoner an opportunity to show that he has either exhausted the available administrative remedies or that he should be excused from this requirement. *Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981). The failure to exhaust may be excused for instance when prison officials interfere with a prisoner's pursuit of an administrative remedy. *See Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982). The failure to exhaust may also be excused where "the prison system [has] deliberately devised procedural requirements designed to trap and defeat claims of unwary prisoners." *Woodford*, 548 U.S. at 102. Exceptions to the exhaustion requirement, however, apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

As to the issue of exhaustion, the Plaintiff counters that there was no grievance procedure in place at the Coahoma County Jail in 2006. The Plaintiff's argument, however, is contradicted by his own pleadings and by the Defendant's motion for summary judgment. In response to a question on the complaint form, the Plaintiff acknowledges that there was a grievance system in place. Another questions requires the Plaintiff to state whether or not he processed his complaint through the grievance system to which the Plaintiff admits he did not. Yet another portion of the complaint provides space for the inmate to explain his failure to use the grievance procedures. In this space the Plaintiff wrote: "This is a constitutional claim, which precludes the grievance program."

The Plaintiff's current assertions and the notion that his claim need not be presented to prison officials through the grievance system are insufficient to avoid summary judgment. In light of the

4

strict approach taken with the exhaustion requirement in this Circuit, the Plaintiff's failure in this regard is fatal. *See Johnson v. Cheney*, No. 08-10241, 2009 WL 614501 at *1 (5th Cir. Mar. 11, 2009) (an inmate is required to complete all the steps in a grievance program to satisfy the exhaustion requirement); *Lane v. Harris County Medical Dept.*, No. 06-20932, 2008 WL 116333 at *1 (5th Cir. Jan. 11, 2008) (summary judgment affirmed where prisoner did not complete the administrative review process). This is not a situation "in which the system deliberately devised procedural requirements designed to 'trap' and defeat [the] claims' of unwary prisoners." *Woodford*, 548 U.S. at 102-03. Likewise, there is no basis for excusing the Plaintiff's failure to exhaust based on a policy of preventing inefficiency or a failure to further the interests of justice or the purposes of the exhaustion requirement. *See Ferrington v. Louisiana Dept. of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (prisoner's blindness did not excuse his failure to comply with the PLRA's exhaustion requirement). Since there is no dispute that the Plaintiff did not utilize the administrative remedy program, there is no genuine issue of material fact and summary judgment can be entered in favor of the Defendant. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (the failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies).

### Injury

A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. 42 U.S.C. § 1997e(e)*; Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical

injury to support a claim arising out of conditions of his confinement. That is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Here, the Plaintiff does not describe any injury that he suffered as a result of the alleged excessive force applied by the Defendant. The Defendant, on the other hand, has provided documentation showing that the Plaintiff did not suffer any physical injury worthy of 1983 relief. The x-rays taken after the purported altercation indicated no injury and the doctor noted only red marks on the Plaintiff's neck. The red marks fall within this Circuit's definition of *de minimis* injury and, thus, are insufficient to satisfy the "injury" requirement of § 1997e(e).[4]

*D. Conclusion*

In sum, the Plaintiff has failed to demonstrate the existence of a disputed issue of material fact worthy of a jury's consideration. The court is precluded from entertaining the complaint due to the Plaintiff's failure to exhaust available administrative remedies. The Plaintiff has not demonstrated any recognizable excuse for his failure to exhaust. Consequently, summary judgment shall appropriately be granted in favor of the Defendant.

A final judgment in accordance with this opinion shall issue this day.

This the 22nd day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The court recognizes that the absence of an injury does not preclude any award for nominal or punitive damages. *Holmes v. Stalder*, 254 F.3d 71 (5th Cir. 2001). In light of the Plaintiff's failure to exhaust, however, any damages award is foreclosed.